## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALICK-FARDY B. TRAORE,

*Plaintiff,*

v.

PLANET HOME LENDING, LLC, et al.,

*Defendants.*

CIVIL ACTION
NO. 25-4767

### ORDER

**AND NOW**, this 30th day of September 2025, upon consideration of the Motions to Dismiss by Defendants AmeriSave Mortgage Corp. (Dkt. No. 14), Planet Home Lending, LLC (Dkt. No. 8) and Dovenmuehle Mortgage Inc. (Dkt. No. 12), and the Responses by Plaintiff Malick-Fardy B. Traore (Dkt. No. 16), it is **ORDERED** that the Motions are **GRANTED**. It is also **ORDERED** that Dkt. Nos. 23[1] and 26[2] are **DENIED**.

---

[1]     Traore seeks to remand this case to state court because the defendants failed to comply with 28 U.S.C. § 1446(b)(2)(A). (Pl.'s Mot. to Remand for Lack of Unanimous Consent at 1–10, Dkt. No. 23.) Section 1446(b)(2)(A) provides that when a "civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Section 1441(a), in turn, states that "any civil action brought in a State court of which the district courts of the United Stats have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Planet Home Lending removed Traore's case from Pennsylvania state court to federal court. Traore argues that the other defendants never consented to the removal of the action, meaning they failed to comply with § 1446(b)(2)(A). That is false. Both AmeriSave and Dovenmuehle consented to the removal. (Dovenmuehle Notice of Consent to Removal at 1, Dkt. No. 11); (AmeriSave Notice of Consent to Removal at 1, Dkt. No. 15).

[2]     Traore also seeks a declaration that this Court "operates under Article III"; that Traore is a "natural man" and is "entitled to all protections under the Constitution"; that the Constitution is the supreme law of the land; and that any policies inconsistent with the Constitution are "null and void" as applied to Traore. (Pl.'s Pet. for Declaratory Relief at 1–2, Dkt. No. 26.) The Court denies this request because Traore does not have Article III standing to pursue such relief. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

1. Plaintiff's claims against AmeriSave and Planet Home Lending in Part III.A, B, C, D, E, F, G, I, J and K of the Memorandum Opinion are **DISMISSED with prejudice**.

2. Plaintiff's claim against AmeriSave under RESPA in Part III.H of the Memorandum Opinion is **DISMISSED without prejudice**, as are any purported claims against Dovenmuehle.

3. Plaintiff may amend his Complaint, consistent with this Order and the accompanying Memorandum, on or before **Thursday, October 30, 2025**.

4. Planet Home Lending is dismissed from the case.

BY THE COURT:

_**/s/ Gerald J. Pappert**_
Gerald J. Pappert, J.