**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MALICK-FARDY B. TRAORE,

        *Plaintiff,*

    v.

AMERISAVE MORTGAGE

CORPORATION, et al.,

        *Defendants.*

CIVIL ACTION
NO. 25-4767

**ORDER**

    **AND NOW**, this 9th day of October 2025, upon consideration of plaintiff Malick-Fardy B. Traore's Motion to Vacate (Dkt. No. 42) and Motion to Recuse (Dkt. No. 41), it is **ORDERED**:

    1.  The Motion to Vacate is **DENIED**;[1] and

---

[1]    Traore relies on Federal Rule of Civil Procedure 60(b), *see* (Pl.'s Mot. to Vacate at 1, Dkt. No. 42), which allows a party to seek relief from a final judgment or order in "a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  To obtain relief under Rule 60(b), Traore must show one of the following: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6).

    Traore first claims the Court committed a mistake by disregarding facts and misapplying "controlling" law.  (Pl.'s Mot. to Vacate at 1–2, 6–7.)  Mistake "include[s] errors of law or fact." *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022) (internal quotation marks and citation omitted).  But the Court made no legal or factual errors.  For the reasons stated in the Court's Memorandum Opinion, Traore failed to allege sufficient facts to state any plausible claim. *Traore v. Planet Home Lending, LLC*, No. 25-4767, 2025 WL 2792127, at *1–7 (E.D. Pa. Sept. 30, 2025).  Traore responds that the Court failed to consider his claim that Planet Home Lending "lacks standing to enforce" his mortgage obligation because the company "cannot produce [his] original [promissory] note with a properly affixed allonge."  (Pl.'s Mot. to Vacate at 4.)  He also protests that the Court "ignored evidence of potential mail fraud" by AmeriSave and Planet Home Lending.  (*Id.* at 2.)  But Traore never raised these arguments in his Complaint.

    Traore next alleges fraud, misrepresentation, or misconduct by an opposing party.  (*Id.*)  But he offers no argument to support such accusations.  Traore's motion focuses on the Court's ruling, not the conduct of his opposing parties.

    In addition to arguing mistake and fraud, Traore also claims the Court deprived him of an opportunity to be heard.  *See* Fed. R. Civ. P. 60(b)(6) (allowing a court to grant relief for "any"

2.  The Motion to Recuse is **DENIED**.[2]

---

"reason" not enumerated in Rule 60(b) "that justifies relief"). He argues that the Court dismissed several of his claims with prejudice, denying him "a meaningful opportunity to present the full range of [his] claims." (Pl.'s Mot. to Vacate at 6.) But this does not justify relief. District courts have wide latitude in judging whether to grant a plaintiff leave to amend a complaint. *See Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 518 (3d Cir. 1988). And here, the Court explained in its Memorandum Opinion that, given well-settled case law, it could dismiss certain of Traore's claims with prejudice: those that (1) derived from sovereign citizen ideology and (2) could not be cured by amendment. *See Traore*, 2025 WL 2792127, at *6–7.

[2]      Traore moves for recusal under 28 U.S.C. § 455(a). Section 455(a) requires a federal judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The Court must determine "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Two principles help to resolve Traore's motion. First, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To challenge a judicial ruling, a litigant should "appeal" the decision, not file a motion for "recusal." *Id.* Second, alleged bias stemming from facts gleaned from the judicial proceeding, rather than from an "extra-judicial source," is rarely grounds for recusal under § 455(a). *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). As the Supreme Court stated in *Liteky*: "[O]pinions formed by the judge on the basis of facts introduced . . . in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, "judicial remarks" in an opinion "that are critical or disapproving of, or even hostile to," a party's "case[]" "ordinarily do not support a bias or partiality challenge." *Id.*

        Traore argues that the Court is so antagonistic to him that it cannot fairly judge the merits of the litigation. According to Traore, the Court harbors "deep-seated antagonism" because it characterized some of Traore's arguments as deriving from sovereign citizen ideology. (Pl.'s Mot. to Recuse at 2, Dkt. No. 41.) Because the Court used "pejorative labels" to describe his "legal positions," Traore argues, the Court will look at future litigation through a "predetermined, antagonistic lens." (*Id.* at 2, 5.) This argument fails for at least three reasons. First, Traore is merely displeased with the Court's prior "judicial ruling[]," which does not provide a basis for recusal. *Liteky*, 510 U.S. at 555. In stating that Traore's claims were rooted in sovereign citizen ideology, the Court made "assessments relevant to the case, whether they are correct or not." *United States v. Ciavarella*, 716 F.3d 705, 719 (3d Cir. 2013) (internal quotation marks and citation omitted). In other words, the Court's description that Traore's Complaint bore the "hallmarks of a sovereign citizen pleading" was "made in the routine administration of its duties" and does "not evidence any deep-seated favoritism or antagonism that would make fair judgment impossible" in future litigation. *Saito v. Collier Cnty. Mun. Corp.*, No. 22-cv-740, 2022 WL 17832487, at *2 (M.D. Fla. Dec. 21, 2022) (internal quotation marks and citation omitted). If Traore believes that the Court erred in dismissing his Complaint, he should appeal the decision at the appropriate time. *Id.* The Court of Appeals can assess the Court's decisions and explanations and rule as it sees fit.

        Second, the Court did nothing wrong in stating that several of Traore's claims were rooted in the sovereign citizen movement. Case law permits district courts to ask whether a complaint contains "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *In re Johnson*, No. 22-CV-5258, 2023 WL 1784747, at *2 (E.D. Pa. Feb. 6, 2023) (internal quotation marks and citation omitted) (citation modified); *see, e.g.*, *Acie-Griffin v. Sec'y of the Treasury*, No. 25-cv-01833, 2025 WL 1373680, at *2 (E.D. Pa. May 12, 2025) (identifying a complaint "replete with sovereign citizen verbiage and assertions"). This allows courts to

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

summarily dismiss frivolous claims and thereby save judicial resources.  *See Geiger v. Conroy*, No. 22-2458, 2023 WL 2577233, at *1 n.1 (E.D. Pa. Mar. 20, 2023).

 Finally, the Court analyzed each of Traore's claims and thoroughly explained why he failed to allege sufficient facts to support them.  Given this, a reasonable observer, informed of all the facts, would not question the Court's ability to fairly judge the merits of future litigation.